pacity; after the date of execution of the will decedent was able to attend her husband's wake at the funeral home, although she did not attend the funeral service; the will was kept after its execution by a person whose interests would be normally adverse to the provisions of the will, etc. The evidence on both sides was of such a nature that a finding of the jury either of testamentary capacity or lack of testamentary capacity could have been sustained. The dispute of fact on the subject of testamentary capacity was so substantial in nature that it was necessary for a jury to pass upon the evidence. Our province is not to decide whether we would have reached the same result as did the jury but rather to determine whether, on due consideration of all the evidence, the jury, whose verdict satisfied the legal conscience of the Chancellor, could reasonably have reached the conclusion which it did. The determination of the question of testamentary capacity was clearly within the province of the jury and its finding was based upon sufficient and adequate evidence.

Decree affirmed. Costs are placed on the appellant.

## Creasy, Appellant, v. Lawler.

636

Argued April 17, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD and JONES, JJ.

reargument refused July 26, 1957.

*Edward P. Good*, with him *Thomas D. Caldwell, A. E. Kountz, William A. Meyer, Alexander Unkovic, Kountz, Fry & Meyer* and *Caldwell, Fox & Stoner*, for appellants.

*Thomas D. McBride,* Attorney General, with him *Joseph L. Donnelly,* Deputy Attorney General and *Leonard M. Mendelson,* for appellees.

OPINION PER CURIAM, June 28, 1957:
Order affirmed on the opinion of Judge WALTER R. SOHN, reported in 8 D. & C. 2d 535.

Riverside Borough School District *v.* International Brotherhood of Electrical Workers, Local No. 607, Appellant.

Argued June 27, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.